IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BENJAMIN N. WOODS, § | | |
| TDCJ #1517779, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 3-08-0042 |
| § | | |
| CHIEF OF POLICE, TEXAS CITY, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM AND ORDER**

State inmate Benjamin N. Woods (TDCJ # 1517779, former TDCJ #644181, former Galveston County #52958) has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights during the course of his arrest. Woods, who proceeds *pro se* and *in forma pauperis*, has provided a more definite statement of his claims. The primary defendant, Officer Derrick Grandstaff, has filed a motion to dismiss for want of prosecution. (Doc. # 28). Woods has not filed a response and his time to do so has expired. After considering the pleadings and the applicable law, the Court grants the defendant's motion and dismisses this case for reasons set forth briefly below.

**I.   BACKGROUND**

When Woods filed the complaint in this case, he was in custody of the Galveston County Jail. In that complaint, Woods alleged that Officer Derrick Grandstaff of the Texas City Police Department used excessive force against him during the course of his arrest on July 20, 2007. Woods discloses that he was arrested and charged with assault and retaliation

on the day in question. Woods is now in custody of the Texas Department of Criminal Justice - Correctional Institutional Division (collectively, "TDCJ"). The record reflects that Woods is serving a six-year prison sentence following his conviction on the retaliation charges, which accused him of violating Texas law by threatening Officer Grandstaff with death and serious bodily injury during his arrest on July 20, 2007.[1] (Doc. # 28, at ¶ 2).

Officer Grandstaff has filed a motion to dismiss Woods's civil rights complaint for want of prosecution. Officer Grandstaff's counsel filed an answer on his behalf and noticed a deposition to occur at the Ramsey Unit in Rosharon, Texas, where Woods is presently confined. Officer Grandstaff presents exhibits showing that Woods received notice of the deposition and that he appeared briefly at the proceeding, but refused to participate or answer any questions about his claims. Noting that defense counsel incurred various expenses in connection with the deposition, including his fees, travel arrangements, and the costs of a court reporter, Officer Grandstaff seeks involuntary dismissal of the complaint with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. Alternatively, Officer Grandstaff requests sanctions for Woods's refusal to participate in discovery under Rule 37(d) and an extension of time to file a motion for summary judgment. Officer Grandstaff's contentions

---

[1] Public records reflect that Woods was convicted of retaliation in Galveston County cause numbers 07-CR-2312 and 07-CR-2313 on July 10, 2008. Woods is also in custody as the result of a prior felony conviction in 1992, for attempting to take a weapon from a peace officer in Galveston County cause number 92-CR-0382. Woods received a prison sentence of 14 years, 11 months, and 30 days in that case. In addition, Woods has another prior felony conviction from 2000, in Galveston County cause number 00-CR-609, for possession of a controlled substance, namely, cocaine. Woods received a prison sentence of 4 years, 11 months, and 30 days in that case. *See* Texas Department of Criminal Justice, Offender Information, at www.tdcj.state.tx.us (last visited March 17, 2009).

are discussed briefly below under the appropriate legal standard.

## II.   DISCUSSION

### A.   Involuntary Dismissal Under Rule 41(b)

A motion for involuntary dismissal is governed by Rule 41(b) of the Federal Rules of Civil Procedure, which provides as follows: "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). In other words, "Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992).

Citing evidence of delay caused by the plaintiff's intentional misconduct, Officer Grandstaff asks the Court to dismiss the complaint with prejudice in this instance. The Fifth Circuit has recognized that a dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry*, 975 F2d at 1191. Lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice. *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008). However, a Rule 41(b) dismissal with prejudice is appropriate where there is a "clear record of delay or contumacious conduct by the plaintiff, . . ., and when lesser sanctions would not serve the best interests of justice." *Id.* (quoting *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir.1985)) (internal citation omitted).

In this case, Officer Grandstaff presents evidence that Woods willfully refused to

3

participate in a deposition that was scheduled at his prison unit. In an order entered on January 13, 2009, the Court notified Woods that he was expected to attend the deposition and to answer simple questions about his claims. (Doc. # 27) (finding that Woods was not entitled to appointment of counsel because he failed to show that he was "unable to understand the proceedings or to answer simple questions of the sort typically posed at a deposition, during which the defendant is entitled to ask Woods about his version of the incident giving rise to the complaint."). Under similar circumstances, the Fifth Circuit has upheld a dismissal with prejudice under Rule 41(b) where a *pro se* plaintiff refused to attend a scheduled deposition. *See Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1168-69 (5th Cir. 1980).

The Court notes that Woods has failed to respond to Officer Grandstaff's motion and he has not otherwise offered any explanation for his refusal to participate in the properly noticed deposition. In the Court's order dated November 4, 2008, Woods was specifically warned that his "failure to respond to the defendants' motions within the time limit may result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure." (Doc. # 18, ¶ 3) (emphasis in original). The plaintiff has clearly failed to comply with this order. Accordingly, the Court determines that dismissal for want of prosecution is appropriate.[2] *See* FED. R. CIV. P. 41(b); *Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (stating that "[t]he failure to comply with an order of the court is grounds for dismissal with prejudice"); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a

---

[2] Because dismissal is warranted, the Court does not reach the defendant's alternative motion for sanctions under Rule 37(d) at this time.

4

district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

The plaintiff's failure to comply with court orders, along with his refusal to cooperate with a reasonable request for discovery, support a dismissal with prejudice. Although the Court recognizes that dismissal with prejudice is an extreme sanction, the interests of justice do not favor a lesser penalty in this instance. In that respect, the record discloses an alternative reason to dismiss the complaint with prejudice.

### B.     Alternatively, the Complaint is Not Cognizable

As noted above, Woods alleges that Officer Grandstaff used excessive force against him during the course of his arrest on July 20, 2007. According to the complaint, Woods seeks $50,000 in compensatory damages. Officer Grandstaff notes that Woods was convicted of retaliation charges arising from that same encounter on July 20, 2007. During that incident, Woods was convicted of threatening Officer Grandstaff with death and serious bodily injury. Absent a showing that his conviction has been overturned, it appears that Woods cannot recover damages under 42 U.S.C. § 1983 for reasons that follow.

To recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-

5

87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Woods's excessive-force claim would, if true, necessarily implicate the validity of his retaliation conviction for threatening Officer Grandstaff with death and serious bodily injury. Woods remains incarcerated as the result of his retaliation conviction. Because his conviction has not been overturned, Woods's civil rights claims are barred by *Heck* and his complaint is not cognizable under 42 U.S.C. § 1983 at this time. *See Edwards*, 520 U.S. at 647-48; *see also Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999) (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer). Accordingly, the complaint is subject to dismissal with prejudice for this additional reason. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## III.    CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The defendant's motion to dismiss (Doc. # 28) is **GRANTED**.

2. The complaint is **DISMISSED** with prejudice for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.

3. Alternatively, the complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas on March 20th , 2009.

_____
Nancy F. Atlas
United States District Judge